UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INFOGROUP, INC., infoUSA, Inc., and infoUSA Marketing, Inc., Delaware corporations,<br><br>            Plaintiffs,<br><br>   v.<br><br>WILLIAM SPAN, MICHAEL GUNTER, and LEADPRODUCERS LLC, a Washington limited liability company,<br><br>            Defendants. | No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES |

Plaintiffs Infogroup, Inc., infoUSA, Inc., and infoUSA Marketing, Inc., bring this Complaint for Injunctive Relief and Damages against Defendants William Span, Michael Gunter, and LeadProducers LLC, and allege as follows:

**I.    THE PARTIES**

1.    Plaintiffs Infogroup, Inc., infoUSA, Inc., and infoUSA Marketing, Inc. (collectively "Infogroup"), are Delaware corporations with their principal place of businesses in Omaha, Nebraska.

2.    Defendant William Span is a citizen of Washington who, on information and belief, resides in Kirkland, Washington. Defendant Span is an owner of LeadProducers LLC, which purportedly sells mortgage leads through a website called leadproducers.net. Mr. Span also operates the websites secretsalesformula.com, supremesalesmaster.com, and costnet.com, through which he advertises access to numerous business lead databases.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 1

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

3. Defendant Michael Gunter is, on information and belief, a citizen of North Carolina. Mr. Gunter is a Sales Manager at LeadProducers and conducts business in Washington, where LeadProducers is located. Mr. Gunter is also listed as the primary point of contact on the secretsalesformula.com website.

4. Defendant LeadProducers LLC, is a Seattle-based, Washington limited liability company. On information and belief, Mr. Span formed LeadProducers in 2000 as a mortgage lead business. LeadProducers operates the website leadproducers.net.

## II.   JURISDICTION AND VENUE

5. Infogroup brings this action for an injunction and damages to stop Defendants from misappropriating Infogroup's trade secrets and infringing on Infogroup's trademarks through Defendants' unauthorized access to and sales of Infogroup's databases, and through their marketing of Infogroup's databases as their own.

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367 because Infogroup asserts violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), the Copyright Act, 17 U.S.C. § 501 *et seq.*; and the Consumer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

7. The Court has personal jurisdiction over Defendants Span and LeadProducers based on their presence within this judicial district and over all Defendants based, upon information and belief, on their transaction of business and other activities within the Western District of Washington.

8. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district, and on information and belief, Defendants Span and LeadProducers reside in this judicial district.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 2

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### III.    FACTUAL ALLEGATIONS

**A.    Infogroup's Data Compilations Are the Product of Significant Effort and Expense, are Subject to Reasonable Security Measures, and Derive Independent Economic Value From Being Secrets.**

9.    Infogroup, a database marketing company in the business of compiling and maintaining unique compilations of information about businesses and consumers, was established in 1972.  Infogroup collects, combines, and analyzes business and consumer information, marketing data, and digital engagement solutions for sales, marketing, and business professionals around the world.

10.    Infogroup currently maintains demographic, marketing, and related information on approximately 210 million consumers, 17 million U.S. businesses, and 12 million executives.  It collects data from a multitude of original public and proprietary sources, including demographic and marketing information on consumers and businesses.  Infogroup then uses proprietary analytical systems and tools to accurately and comprehensively categorize millions of consumers and businesses into compilations of data sets.

11.    Infogroup's products and services include data compilation, direct marketing, list management, sales leads, mailing lists, interactive marketing, email marketing, analytics, and data processing.

12.    Infogroup's data and marketing solutions help its customers, which include companies of all sizes, find new prospects, deepen relationships with existing customers, and reach businesses and consumers at home, at work, and online.

13.    Infogroup sells access to those proprietary lists of businesses and consumers using convenient websites enabled by powerful, user-friendly computer programs.  It licenses access to those databases to a few major online services under security arrangements designed to ensure that the databases cannot be copied.

14.    Over the years, Infogroup's business data has become a nationally recognized resource.  It is used by the top Internet search engines, vehicle navigation, and on-board assistance systems to power their Point-of-Interest and business search capabilities.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 3

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Infogroup's database customers also include federal, state, and local government agencies, emergency services and first responders, libraries, universities, and public and private institutions of all types.

15. Amassing and maintaining comprehensive databases on such a national scale with high quality and accuracy is a Herculean task. Infogroup maintains a staff of more than 400 data professionals just to collect and keep its databases accurate and current. Infogroup's work includes identifying new sources of data, procuring those data sources, testing and qualifying the sources, confirming accuracy, converting the sources, identifying and solving overlap between sources, and applying proprietary methods to maximize coverage efficiently.

16. To maintain the accuracy of the data, Infogroup's databases are updated continually. This process includes applying proprietary modeling and algorithms to data from a multitude of sources to insure that accurate data elements are included in the databases. Infogroup engages in ongoing and constant efforts to verify and re-verify data through a variety of automated and human methods.

17. Infogroup takes reasonable efforts to maintain the secrecy of its database listings. Only a limited number of employees within Infogroup are allowed access to this information. Through an electronic security system, Infogroup protects its internal computer network from outside access. Infogroup requires employees with access to proprietary databases to sign nondisclosure agreements. Infogroup also strictly controls the licensing and resale of its databases. In addition, Infogroup's customers only obtain limited licenses to access Infogroup's data compilations, and must have authorized usernames and passwords to access that information.

18. Between the hundreds of people it employs and the millions of dollars it spends to ensure its listings are of the greatest value to its customers, Infogroup expends significant effort and expense on its databases.

19. Infogroup's time-tested processes and innovations for collecting, compiling, and distributing its data have created a reputation within the industry for accuracy and quality.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 4

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

20. Infogroup's data compilations have independent economic value from not being known to others, specifically to Infogroup's competitors.

B. **Developing Infogroup's Proprietary, Six-Digit Standard Industrial Classification ("SIC") Codes Required Significant Effort and Creativity.**

21. As part of its data compilation efforts, Infogroup has created a detailed listing of business types, based on the U.S. government's four-digit Standard Industrial Classification ("SIC") codes.

22. To allow for more detailed and refined descriptions and breakdowns of business types within particular industries, Infogroup has taken these standard listings and expanded them to add business descriptions and to add two Infogroup-specific digits to the four-digit codes, creating unique six-digit codes. Developing Infogroup's expanded and unique six-digit codes resulted from significant effort, time, and creativity on the part of Infogroup.

23. To protect against unauthorized use of Infogroup's industry description and six-digit-code organizational structure, Infogroup applied for and received copyright registration on the industry-listing code compilation. Infogroup owns valid copyright registration Nos. TXu 1-860-574, TXu 1-860-589, TXu 1-860-582, and TX 7-718-631. See Exs. A-D.

C. **Infogroup Uses Seed Data to Protect Its Proprietary Data Compilations.**

24. Infogroup has spent decades and considerable time and money cultivating its reputation, goodwill, and relationships with its customers. To enhance its goodwill with customers, Infogroup maintains highly confidential and detailed records of its customers, including purchasing history and, with respect to businesses, the identity of the person responsible for making purchases. This compilation of business data has significant value by not being known to Infogroup's competitors.

25. To protect its proprietary data compilations, Infogroup incorporates into its lists records known as "seed data." Seed data are fictitious listings (e.g., fictitious businesses) that Infogroup invents. When Infogroup seed data appear in lists provided by other vendors, those appearances indicate that these other vendors have obtained Infogroup's proprietary data

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 5

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

compilations.

26. To police the unauthorized use or reselling of its proprietary data compilations, Infogroup from time to time orders lists from other database marketing companies to conduct data investigations that include a search for Infogroup seed data.

27. In February 2013, Infogroup updated its listing of U.S. businesses and included various seed data records unique to the February 2013 listings.

28. In the summer of 2013, Infogroup undertook a series of routine investigations to police unauthorized use of its data compilations. The investigations included, without limitation, having its personnel attempt to purchase copies of business data compilations from third parties, and analyzing those purchased compilations for Infogroup seed data.

**D.  Defendants Are Unlawfully Accessing, Marketing, and Reselling Infogroup's Data Compilations.**

29. On information and belief, Mr. Span owns LeadProducers LLC, and operates various websites, including leadproducers.net, costnet.com, secretsalesformula.com, and supremesalesmaster.com, through which he markets and sells numerous business leads databases.

30. On information and belief, Mr. Gunter is a Sales Manager at LeadProducers and the primary point of contact for data or business lead inquiries or sales through the secretsalesformula.com website.

31. On information and belief, LeadProducers is a Seattle-based company that advertises itself as a mortgage lead business through the website leadproducers.net.

32. In late September/early October 2013, Infogroup personnel ordered databases from the costnet.com website and secretsalesformula.com website from Mr. Span and Mr. Gunter.

33. In the process of ordering those databases, an Infogroup employee communicating with Defendants regarding the database purchases obtained emails from mikegunter23@gmail.com advertising Defendants as selling the "INFOUSA business data

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 6

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

base," and providing a link to InfoUSA's own YouTube channel (http://www.youtube.com/watch?v=3OOxTXoInlQ), entitled, "InfoUSATube – Data Quality," as the source of information regarding how the data had been compiled.

34. The same Infogroup employee who purchased databases from Defendants received an email from bill_span@yahoo.com, identifying the database files as in fact being Infogroup files, with filenames such as: "INFOUSA 4-2013-1.rar."

35. Upon receiving the databases it had ordered from Defendants, Infogroup determined the two databases were identical and were copies of its February 2013 database. Infogroup also identified its fictitious seed data within the databases.

36. Defendants are not authorized to possess, use, advertise, or resell any portion of Infogroup's proprietary data compilation in any form.

37. In addition to the presence of Infogroup's fictitious seed data in the databases received from Defendants, Infogroup confirmed the databases were also organized and categorized using Infogroup's copyrighted industry descriptors and six-digit codes.

38. Defendants are not authorized to reproduce or distribute copies of Infogroup's copyrighted industry descriptors and associated six-digit codes, or its unique and creative arrangement of data and business and consumer listings.

### IV. CAUSES OF ACTION

**COUNT I**
**False Designation of Origin and Unfair Competition**
**Lanham Act, 15 U.S.C. § 1125(a)**

39. Infogroup realleges and incorporates by this reference each and every allegation set forth in the paragraphs above.

40. Infogroup's name is a distinctive name that is associated with Infogroup and that exclusively identifies Infogroup's business, products, and services.

41. Defendants have used and continue to use Infogroup's name in connection with goods or services in commerce.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 7

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

42. Defendants' use of Infogroup's name is likely to cause confusion, mistake, or deception as to its affiliation, connection, or association with Infogroup.

43. In addition, Defendants' use of Infogroup's name is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities.

44. As a result of their wrongful conduct, Defendants are liable to Infogroup for violation of this provision of the Lanham Act.

45. Each Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts. Similarly, each Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

46. Infogroup has been damaged by these acts in an amount to be proven at trial. Infogroup is also entitled to injunctive and other equitable relief against Defendants.

## COUNT II
## False Advertising
## Lanham Act, 15 U.S.C. § 1125(a)

47. Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

48. Defendants have used and continue to use Infogroup's name in connection with goods or services with false or misleading descriptions or representations of fact in Defendants' commercial advertising or promotion.

49. In particular, Defendants have made and are making a false statement of fact in commercial advertising about their own or another's product, the statement actually deceived or has the tendency to deceive a substantial segment of its audience, the deception is material, Defendants caused the false statement to enter interstate commerce, and Infogroup has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to Defendants, or by a lessening of the goodwill associated with its products.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 8

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

50. Each Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts. Similarly, each Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

51. Infogroup has been damaged by these acts in an amount to be proven at trial. Infogroup is also entitled to injunctive and other equitable relief against Defendants.

## COUNT III
## Trademark Infringement
## Lanham Act, 15 U.S.C. § 1114

52. Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

53. Infogroup owns a trademark that Defendants have used in commerce without consent and in connection with the sale, offering for sale, distribution, or advertising of goods or services.

54. Infogroup is the owner of the registered service mark INFOUSA (Reg. No. 2147134), covering "business and consumer information services, namely, preparing and compiling informational lists and directories relating to businesses and consumers throughout the United States for others." Infogroup first used the INFOUSA mark in commerce in 1996, and registration was granted by the U.S. Patent and Trademark Office on March 31, 1998.

55. Defendants' use of Infogroup's trademark is likely to cause confusion, mistake, or deception.

56. Defendants' wrongful and unauthorized use of Infogroup's trademark to promote, market, or sell Defendants' goods or services constitutes trademark infringement under 15 U.S.C. § 1114.

57. Each Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts. Similarly, each Defendant had the

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 9

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

right and ability to control the illegal activity and received a direct financial benefit from the activity.

58. Defendants acted intentionally and willfully in infringing on Infogroup's trademark with knowledge that the imitation was intended to be used to cause confusion, mistake, or deception.

59. Defendants' infringement has caused and will continue to cause damage to Infogroup, in an amount to be proven at trial, and is causing irreparable harm to Infogroup for which there is no adequate remedy at law.

60. Infogroup is entitled to recover damages and costs, in an amount to be proven at trial, as well as statutory and treble damages, attorneys' fees, and injunctive relief.

### COUNT IV
### Copyright Infringement
### Copyright Act, 17 U.S.C. § 101 *et seq.*

61. Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

62. A database is a copyrightable compilation under 17 U.S.C. § 103. Further, Infogroup's selection and categorization of its listings satisfies the constitutional requirements for copyright protection.

63. Defendants possessed, used, marketed, and sold Infogroup's copyrighted listings of industries, economic categories, and accompanying unique six-digit codes without Infogroup's authorization.

64. Defendants' activities in copying Infogroup's listings constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

65. Infogroup is entitled to injunctive relief, as Defendants' activities have caused and will continue to cause irreparable injury and other damages, for which no adequate remedy exists at law.

66. Defendants' infringement of Infogroup's copyright was willful and intentional.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 10

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

67. Each Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts. Similarly, each Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

## COUNT V
### Violation of the Computer Fraud and Abuse Act
### 18 U.S.C. § 1030 *et seq.*

68. Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

69. Infogroup maintains its proprietary databases on a protected computer system. Infogroup uses this computer system to produce and provide mailing lists and other information to customers in interstate commerce across the United States, and to United States government agencies.

70. Infogroup takes measures to protect its proprietary databases from unauthorized access, both by maintaining physical and electronic security of its computer system, by limiting user access to those with authorized usernames and passwords, by limiting employee access to proprietary information, and by requiring employees with access to proprietary information and equipment containing proprietary information to sign nondisclosure agreements. These agreements limit the scope of employees' authority to use information housed on Infogroup's protected computers.

71. To protect its proprietary databases and to monitor potential unauthorized access to such databases by competitors, Infogroup occasionally inserts so-called "seed data" into its databases. Each seed data file typically consists of fictitious name, address, and phone number combinations. If seed data listings ever appear in lists sold or offered for sale by a competitor, it is considered proof that the competitor has gained unauthorized access to Infogroup's protected databases.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 11

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

72. Infogroup identified seed data in the databases it purchased from Mr. Span and Mr. Gunter.

73. Defendants were not and are not authorized to access Infogroup's protected computer systems or its proprietary databases in any form.

74. On information and belief, the only way for Defendants to have accessed Infogroup's seed data is through intentional and unauthorized access of Infogroup's proprietary databases. As a result, Defendants have unlawfully obtained information from a protected computer system.

75. Defendants' conduct violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) and (a)(4).

76. As a result of Defendants' unauthorized access of Infogroup's proprietary databases, Infogroup has suffered losses, to be determined at trial but exceeding $5,000 during a one-year period.

77. Also as a result of Defendants' unauthorized access of Infogroup's proprietary databases, Infogroup has suffered and will continue to suffer irreparable harm, for which no adequate remedy exists at law.

78. Each Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts. Similarly, each Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

**COUNT VI**
**Violation of the Washington Uniform Trade Secrets Act**
**RCW 19.108** *et seq.*

79. Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

80. Infogroup's databases qualify as a protected compilation of trade secrets under RCW 19.108.010(4).

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 12

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

81. Infogroup's data compilations derive independent economic value from not being generally known or readily ascertainable to others who could obtain economic value from their disclosure or use.

82. Infogroup expends significant effort and expense in compiling its databases, employing a staff of more than 400 to keep its listings accurate and current.

83. Additionally, Infogroup has undertaken reasonable efforts to maintain the secrecy of its data compilations, including maintaining the physical and electronic security of its computer system, limiting employee access to proprietary information, requiring employees with access to proprietary databases to sign nondisclosure agreements, and limiting customer access to its databases to customers with authorized usernames and passwords.

84. By expending significant effort and resources to amass thousands of business listings into unique and security-protected data compilations, Infogroup has developed databases that have independent economic value and are not readily ascertainable to others. Infogroup's data compilations are protected trade secrets.

85. Defendants have misappropriated Infogroup's trade secrets by accessing them without authorization and marketing and selling those trade secrets.

86. Defendants' misappropriation of Infogroup's trade secrets has damaged and is causing irreparable harm to Infogroup, and no adequate remedy exists at law.

87. Infogroup seeks injunctive relief under RCW 19.108.020(1) to stop Defendants' actual and continued misappropriation. In addition, Infogroup asks the Court to take affirmative action under RCW 19.108.020(3) to compel protection of its trade secrets.

88. Because Defendants have acted willfully and maliciously, Infogroup also seeks an award of exemplary damages under RCW 19.108.030(2) for twice the amount of its loss caused by Defendants' misappropriation.

89. Each Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts. Similarly, each Defendant had the

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 13

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

right and ability to control the illegal activity and received a direct financial benefit from the activity.

## COUNT VII
### Violation of the Washington Consumer Protection Act
### RCW 19.86 *et seq.*

90. Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

91. Defendants' unauthorized use of Infogroup's name to promote, market, or sell its products or services, and Defendants' unauthorized access to and sales of Infogroup's data compilations, constitute unfair and deceptive business practices under RCW 19.86 *et seq.* Through their unauthorized use of Infogroup's name and unauthorized access to and sales of Infogroup's proprietary and trade secret data compilations, Defendants have engaged in unfair or deceptive acts or practices, in trade or commerce, that impact the public interest, and that have caused injury to Infogroup's business and property.

92. Defendants' unfair and deceptive acts and business practices have caused and will continue to cause damage to Infogroup, and are causing irreparable harm to Infogroup, for which there is no adequate remedy at law.

93. Defendants have violated RCW 19.86 *et seq.*, and Infogroup is entitled to injunctive relief, actual and treble damages, and attorneys' fees and costs.

94. Each Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts. Similarly, each Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

## COUNT VIII
### Conversion

95. Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 14

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

96. By acquiring Infogroup's proprietary databases without authorization and then marketing them for sale, Defendants exercised improper domain and control over Infogroup's property and have committed the common law tort of conversion.

97. Defendants' actions demonstrate the willful, unjustified interference with a chattel that Infogroup was entitled to possess, thereby depriving Infogroup of such possession.

98. Defendants' conversion of Infogroup's proprietary data compilations has caused and will continue to cause damage to Infogroup, and is causing irreparable harm, for which there is no adequate remedy at law.

99. Each Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts. Similarly, each Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

## COUNT IX
### Trespass to Chattels

100. Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

101. By accessing Infogroup's protected computer systems and by acquiring Infogroup's proprietary data compilations, Defendants have committed the common law tort of trespass to chattels.

102. Defendants' actions constitute unjustified, intentional interference with Infogroup's personal property, and deprive Infogroup, as the owner, of possession or use. Defendants have dispossessed Infogroup of its property in the data compilations and have intermeddled with Infogroup's protected computer systems.

103. Defendants' trespass has harmed and will continue to harm Infogroup's valuable interest in the physical condition, quality, and value of its data compilations as property.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 15

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Defendants' trespass is also causing irreparable harm, for which there is no adequate remedy at law.

104.	Each Defendant also has contributory and vicarious liability for these acts.  With knowledge of the illegal activity, each Defendant intentionally engaged in the conduct described above and continued to undertake in these acts.  Similarly, each Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

### COUNT X
### Unjust Enrichment

105.	Infogroup realleges and incorporates by this reference each and every allegation set forth in paragraphs above.

106.	Defendants' actions have resulted in retaining money or benefits that in justice and equity belong to Infogroup.  Defendants have received a benefit by using Infogroup's name and proprietary data compilations, at Infogroup's expense, and circumstances make it unjust for Defendants to retain the benefit without payment to Infogroup.

107.	Defendants have been unjustly enriched at Infogroup's expense.

108.	As a result, Infogroup has been damaged in an amount to be proven at trial.

### V.	REQUEST FOR RELIEF

Plaintiffs request the following relief:

A.	Judgment in favor of Infogroup on Counts I through X above.

B.	An injunction prohibiting Defendants from using Infogroup's name and copyrighted materials; from accessing, marketing, and selling Infogroup's proprietary databases; and from operating the offending websites:  leadproducers.net, secretsalesformula.com, supremesalesmaster.com, and costnet.com.

C.	An award of actual damages to be proven at trial.

D.	An order requiring Defendants to disgorge all financial benefits, including profits, realized by Defendants as a result of their wrongful conduct.

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 16

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1       E.     An award of costs and reasonable attorneys' fees incurred in this action.

2       F.     Such other and further relief as the court deems just and proper.

4    DATED this 13th day of January, 2014.

                                Davis Wright Tremaine LLP
                                Attorneys for Plaintiffs

                                By s/ Warren J. Rheaume
                                   Warren J. Rheaume, WSBA #13627
                                By s/ Rebecca Francis
                                   Rebecca Francis, WSBA #41196
                                   1201 Third Avenue, Suite 2200
                                   Seattle, WA  98101-3045
                                   Telephone:  (206) 622-3150
                                   Fax: (206) 757-7000
                                   E-mail: warrenrheaume@dwt.com
                                                  rebeccafrancis@dwt.com

COMPL. FOR INJUNCTIVE RELIEF & DAMAGES — 17

DWT 23102367v7 0099207-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax